UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY BEER, on his own : 
behalf and as executor of : 
the estate of the late Alan : 
Beer, ANNA BEER, PHYLLIS : 
MAISEL, and ESTELLE CARROLL, : 
 : 
    Plaintiffs, : 
 : 
        v. : 
 : 
THE ISLAMIC REPUBLIC OF IRAN :   C.A. No. ___
Ministry of Foreign Affairs : 
Khomeini Avenue : 
United Nations Street : 
Tehran, Iran, : 
 : 
        and : 
 : 
THE IRANIAN MINISTRY OF : 
INFORMATION AND SECURITY : 
Pasdaran Avenue : 
Golestan Yekom : 
Tehran, Iran : 
 : 
    Defendants. :

**COMPLAINT**

Plaintiffs, Harry Beer, both on his own behalf and as executor of the estate of the late Alan Beer, Anna Beer, Phyllis Maisel, and Estelle Carroll hereby through counsel bring this complaint against Defendants The Islamic Republic of Iran and The Iranian Ministry of Information and Security, raising claims under federal antiterrorism provisions, federal common law and Ohio and Virginia law.

**PARTIES**

1. Plaintiff Harry Beer, brother of the late Alan Beer ("referred to below at several points simply as "Alan"), and

executor of his estate, is a United States citizen and domiciliary of Ohio.

2. Plaintiff Anna Beer, mother of the late Alan Beer is a United States citizen and domiciliary of Ohio.

3. Phyllis Maisel, sister of the late Alan Beer, is a United States citizen and domiciliary of Ohio.

4. Estelle Carroll, sister of the late Alan Beer, is a United States citizen and domiciliary of Virginia.

5. Defendant The Islamic Republic of Iran ("Iran") is a foreign state designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)).

6. Defendant The Iranian Ministry of Information and Security ("MOIS") is an intelligence agency controlled by and answerable to Defendant Iran.

## JURISDICTION, VENUE AND CHOICE OF LAW

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1330(a), 1331 and 1607(a)(7).

8. This Court has personal jurisdiction over Defendants Iran and MOIS pursuant to 28 U.S.C. §§ 1330(b), 1605(a)(7) and 1608.

9. Venue lies in this Court pursuant to 28 U.S.C. § 1391(f)(4).

## STATEMENT OF FACTS

10. The late Alan Beer, a United States citizen and

2

domiciliary of Ohio, moved to Israel for a new life in or around 1998.  On June 11, 2003, around 5:30 p.m., he was riding on a very crowded Egged bus 14A making its way through rush hour traffic in downtown Jerusalem.  He was on his way home from visiting a friend whose father had just died.  At the Mahane Yehudah open-air market on Jaffa Road, Abed Madi Shabana, a Palestinian high school student disguised in the traditional garb of an orthodox Jew, stepped onto the bus with a powerful explosive device concealed around his waist, laced with metal shrapnel.

    11.  Moments later, as the bus passed near the Klal Building and Davidka Square, he or a nearby associate triggered the device.  The blast killed him and 17 passengers while wounding more than 100 people, including bystanders.  Alan was among those killed.  Plaintiffs heard the news through a series of calls originating with the very friend Alan had visited that day.

    12.  The anti-Israel organization Hamas (a/k/a Palestinian Islamic Resistance Movement) quickly claimed credit for the bombing through web postings and through television statements by its spokesman, Ahmed Yassin.  Hamas is designated a foreign terrorist organization under 8 U.S.C. § 1189.  The attack described above was part of a coordinated campaign by Hamas and like-minded groups against Israeli buses designed to terrorize residents, disrupt daily life and hamper a critical transport system.  This campaign involved multiple suicide bombings comparable to the one described above, substantially planned and

3

financed by Hamas.  Hamas recruited Palestinian youths as suicide bombers in this campaign, part of the violent anti-Israel upsurge known as the second intifada.

13.  Defendants Iran and MOIS routinely, knowingly and by explicit or implied agreement with Hamas provided material support and substantial assistance to it and its cadre of suicide bombers, thereby conspiring in and aiding and abetting the bus bombing campaign.  By the same token, perpetrators of that campaign, including the attack on the Egged 14A bus described above, acted as agents of Defendants within the scope of their agency while planning it and carrying it out.

14.  That attack was a foreseeable consequence of the agreement, support and assistance referenced above, as were consequent personal injuries to Plaintiffs as itemized below.  The homicides involved were "extrajudicial" killings within the meaning of 28 U.S.C. § 1605(a)(7).  Defendant MOIS acted in all pertinent respects as an "agent" of Defendant Iran within the meaning of 28 U.S.C. § 1605 note.

15.  Plaintiffs' injuries as itemized below stemmed proximately from willful and deliberate acts carried out with material support and substantial assistance from Defendants.  Defendants' agents, officials, and employees routinely provided material support and substantial assistance to Hamas while acting within the scope of their employment, knowing and intending that such support and assistance would aid in the perpetration of the anti-bus campaign described above and other extrajudicial and

4

mortal violence against residents of Israel.

16. The conduct of Defendants in providing material support and substantial assistance in the attack and extrajudicial killings described above was outrageous, malicious, intentional and in willful, wanton and reckless disregard of Plaintiffs' rights. If engaged in by United States agents, officials, or employees within the United States, Defendant's conduct in this respect would be actionable.

## COUNT I
## PERSONAL INJURIES
## CAUSED BY EXTRAJUDICIAL KILLINGS:
## 28 U.S.C. §§ 1605-1606

17. Paragraphs 1 through 16 above are incorporated as if set forth here.

18. Antiterrorism provisions codified at 28 U.S.C. §§ 1605-1606 establish causes of action against Defendants for providing material support in the attack and extrajudicial killings mentioned above, thereby causing personal injury to Plaintiffs.

19. As a proximate and foreseeable consequence of the attack and extrajudicial killings described above, materially supported and substantially assisted by Defendants, Alan Beer suffered grievously from wounds and died prematurely.

20. As a proximate and foreseeable consequence of Defendants' material support and substantial assistance in the attack and extrajudicial killings described above, Plaintiffs Harry Beer, Anna Beer, Phyllis Maisel and Estelle Carroll have suffered severe emotional distress over the death of Alan and

loss of his companionship.

## COUNT II
## PERSONAL INJURIES CAUSED BY EXTRAJUDICIAL KILLINGS: FEDERAL COMMON LAW

21. Paragraphs 1 through 20 above are incorporated as if set forth here.

22. Federal common law establishes causes of action against Defendants for providing material support in the extrajudicial killings mentioned above, thereby causing personal injury to Plaintiffs.

23. As a proximate and foreseeable consequence of the attack and extrajudicial killings described above, materially supported and substantially assisted by Defendants, Alan Beer suffered grievously from wounds and died prematurely.

24. As a proximate and foreseeable consequence of Defendants' material support and substantial assistance in the attack and extrajudicial killings described above, Plaintiffs Harry Beer, Anna Beer, Phyllis Maisel and Estelle Carroll have suffered severe emotional distress over the death of Alan and loss of his companionship.

## COUNT III
## WRONGFUL DEATH(CONSPIRACY; AIDING AND ABETTING)

25. Paragraphs 1 through 24 above are incorporated as if set forth here.

26. As a proximate and foreseeable consequence of the attack and extrajudicial killings described above, materially supported and substantially assisted by Defendants, Alan Beer

and/or his estate sustained harmful and offensive contact, grievous injury, premature death, funeral expenses and lost future earnings and accretions.  Had he not died from the attack he could have brought suit against its perpetrators.  As executor of Alan's estate, Plaintiff Harry Beer has a consequent cause of action under Ohio Rev. Code Ann. §§ 2125.01 and 2125.02(2006).

27.  As a proximate and foreseeable consequence of Defendants' material support and substantial assistance in the attack and extrajudicial killings described above, Plaintiffs Harry Beer, Anna Beer, Phyllis Maisel and Estelle Carroll have suffered severe mental anguish over the death of Alan and loss of his companionship.  Under authority of Ohio Rev. Code Ann. § 2125.02(B)(2006), Plaintiff Harry Beer may recover damages on their behalf for such injuries.

### COUNT IV
### SURVIVORSHIP(CONSPIRACY; AIDING AND ABETTING)

28.  Paragraphs 1 through 27 above are incorporated as if set forth here.

29.  As a proximate and foreseeable consequence of the bomb attack and extrajudicial killings described above, materially supported and substantially assisted by Defendants, Alan Beer suffered harmful and offensive contact, grievous injury, premature death, and severe pain and suffering in the period between the attack and his death.  As executor of Alan's estate, Plaintiff Harry Beer has a cause of action under Ohio Rev. Code Ann. § 2305.21(2006) for Alan's pain and suffering and for

punitive damages against the perpetrators who caused it.

## COUNT V
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS(CONSPIRACY; AIDING AND ABETTING)

30. Paragraphs 1 through 29 above are incorporated as if set forth here.

31. As an intended, proximate and foreseeable consequence of the attack and extrajudicial killings described above, materially supported and substantially assisted by Defendants, Plaintiffs Harry Beer, Anna Beer, Phyllis Maisel and Estelle Carroll have suffered severe emotional distress over the death of Alan Beer and loss of his companionship.

32. Consequently, Plaintiffs Harry Beer, Anna Beer and Phyllis Maisel are entitled to damages under Ohio common law and Plaintiff Estelle Carroll is entitled to damages under Virginia common law.


WHEREFORE, Plaintiffs demand judgment, jointly and severally, against Defendants as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, to Plaintiff Harry Beer as executor of Alan's estate for Alan's premature death, severe pain and suffering, funeral expenses, lost future earnings and lost estate accretions, and on behalf of himself and other Plaintiffs for solatium and for mental anguish and severe emotional distress over the death of Alan and loss of his companionship; (b) TEN MILLION DOLLARS ($10,000,000) each, not

including costs, for solatium and severe emotional distress over the death of Alan and the loss of his companionship; (c) THREE HUNDRED MILLION DOLLARS($300,000,000.00) in punitive damages.

Respectfully submitted,

_____
Barry L. Leibowitz, Esquire
Bar No. 158949
LEIBOWITZ, BAND & JEZIC
2730 University Boulevard West
Suite 910
Wheaton, MD 20902
(301) 942-8378

Attorney for Plaintiffs