UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA BEER, et. al. : | |
| Plaintiffs, : | |
| v. : | Civil Action 1:06CV00473 |
| : | Judge Royce C. Lamberth |
| THE ISLAMIC REPUBLIC OF IRAN, : | January 31, 10 a.m. |
| et al. : | |
| Defendants. : | |

**PLAINTIFFS' PRE-TRIAL STATEMENT**

1. **Statement of the Case**.

This is a Foreign Sovereign Immunity Act ("FSIA") suit brought under 28 U.S.C. §1605(a)(7) against a foreign state and a ministry acting as its agent, with both federal and state claims arising from injuries sustained in a terrorist act against Alan Beer in Israel on June 11, 2003. That injury resulted from state sponsored terrorism committed by an organization to which Defendants provided material support.

Alan Beer, a United States citizen and national, was at that time living in Israel. On June 11, 2003, around 5:30 p.m., he was riding on a very crowded Egged bus 14A making its way through rush hour traffic in downtown Jerusalem. He was on his way home from visiting a friend whose father had just died. At the Mahane Yehudah open-air market on Jaffa Road, Abed Madi Shabana, a Palestinian high school student disguised in the traditional garb of an orthodox Jew, stepped onto the bus with a powerful explosive device concealed around his waist, laced with metal shrapnel. As

the bus passed near the Klal Building and Davidka Square, he or a nearby associate triggered the device.  The blast killed Alan and 17 passengers and wounded nearly 100 people, including bystanders. Hamas claimed responsibility for the attack.

   **2.   Jurisdiction**

   **(a) Subject Matter Jurisdiction**

   In order to establish jurisdiction over this claim brought under 28 U.S.C. §1605(a)(7) Plaintiffs must establish the following elements. (1) The foreign sovereign was designated by the State Department as a "state sponsor of terrorism"; (2) the victim or plaintiff was a U.S. national at the time the acts took place; and (3) the foreign sovereign engaged in conduct that falls within the ambit of the statute.  Heiser v. Islamic Republic of Iran, 466 F.Supp.2d 229, 305 (D.D.C. 2006). Upon precedent, Defendant Ministry of Intelligence and Security (MOIS) is considered to be a division of the state of Iran and is treated as a member of the state of Iran itself.  Roeder v. Islamic Republic of Iran, 333 F.3d 228, 234 (D.C. Cir. 2003; see Salazar v. Islamic Republic of Iran, 370 F.Supp.2d 105, 116 (D.D.C. 2005)(quoting Roeder and stating that MOIS is treated identically to the state of Iran). "U.S. national" is defined as "U.S. citizen or someone who owes permanent allegiance to the United States." 8 U.S.C. §1101(a)(22).

   At trial, Plaintiffs will offer 31 C.F.R. § 596.201 (2003)

and the 2003 report of Patterns of Global Terrorism issued by the State Department as evidence that Defendants were designated as a "state sponsor of terrorism" at the time of the attack.  Next, each Plaintiff will establish through live testimony that they are citizens of the United States.  Finally, Plaintiffs will introduce as evidence excerpts of the 2003 Patterns of Global Terrorism report and the deposition transcript of Patrick Clawson.  Together, this evidence will prove that Defendants provided material support and resources to Hamas, an entity that committed an extrajudicial killing within the ambit of the statute.

### (b) Personal Jurisdiction

For non-immune sovereigns subject to suit, this Court has personal jurisdiction as long as service of process has been made under § 1608 of the FSIA.  See Stern v. Islamic Republic of Iran, 271 F.Supp.2d 286, 298 (D.D.C. 2003).  Proper service of process was effected in this case on April 22, 2007 through diplomatic channels pursuant to §1608(a)(4) of the FSIA.  Accordingly, this Court has *in personam* jurisdiction over the Defendants.

### 3.   Liability of Substantive Causes of Action

Substantive causes of action are brought under applicable state law, not FSIA itself.  See Damarrell v. Islamic Republic of Iran, Civ. A. No. 01-2224, 2005 U.S. Dist. *LEXIS* 5343, *27-32 (D.D.C. Mar. 29, 2005).  Under the choice of law rules of the District of Columbia, the validity of each claim is determined by

the state in which they were domiciled at the time of the attack. See Blais v. Islamic Republic of Iran, 459 F.Supp.2d 40, 54 (D.D.C. 2006; Hercules & Co. v. Shama Rest. Corp., 566 A.2d 31, 41 (D.C. 1989). At trial, all the Plaintiffs except Estelle Carroll will testify that they are U.S. citizens and were domiciled in Ohio at the time of the attack.  Plaintiff Estelle Carroll will testify that she is a U.S. citizen domiciled in Virginia at the time of the attack. Therefore, the substantive causes of action will be presented under the laws of Ohio and Virginia.

The recitation of Ohio and Virginia law below are based on prior applications under the FSIA. The issue of vicarious liability and civil conspiracy was addressed in Heiser v. Islamic Republic of Iran, 466 F.Supp.2d 229, 267 (D.D.C. 2006)(Ohio) and Blais, 495 F.Supp.2d at 55 (Virginia).  The issue of wrongful death was addressed in Heiser, 466 F.Supp.2d 337 (Ohio) and Peterson v. Islamic Republic of Iran, Civ. A. No.01-2094,01-2694 (D.D.C. 2007) (Virginia). The issue of intentional infliction of emotional distress (IIED) was addressed in Peterson at 10 (Ohio, Virginia) and Blais, 495 F.Supp.2d at 57 (Virginia).

    **(a) Vicarious Liability**

The theory of vicarious liability provides a basis for Defendants Iran and MOIS, provided that such a theory exists under state law. Heiser 466 F.Supp.2d at 266. Civil conspiracy under Ohio law is the "malicious combination of two or more

persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Heiser, 466 F.Supp.2d at 267(quoting Matthews v. New Century Mortg. Corp., 185 F. Supp. 2d 874 (S.D. Ohio 2002)). Civil conspiracy under Virginia law "is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose. ..." Blais, 495 F.Supp.2d at 55 (quoting Hechler Chevrolet, Inc. v. General Motors Corp., 230 Va. 396, 337 S.E. 2d 744, 748 (Va. 1985)). In Virginia the basis for an action of civil conspiracy "is the wrong which is done under the conspiracy and which results in damage to the plaintiff." Id. (quoting Gallop v. Sharp, 179 Va. 335, 19 S.E. 2d 84, 86 (Va. 1942)).

    Introduction of the deposition transcript of Patrick Clawson, the 2003 Patterns of Global Terrorism report, and newspaper articles and reports of the June 11, 2003 bus bombing in which Alan Beer was killed will establish that Hamas was responsible for the bombing, and that Defendants provided material financial support and resources to Hamas. "[S]ponsorship of terrorist activities inherently involves a conspiracy to commit terrorist attacks." Flatow v. Islamic Republic of Iran, 999 F.Supp. 1, 27 (D.D.C. 1998). Thus, assuming that Plaintiffs establish the elements under each claim, Defendants should be held liable for each cause of action arising from the June 11, 2003 bus bombing perpetrated by Hamas.

### (b) **Wrongful Death**

In Ohio, a wrongful death action may be brought "in the name of the personal representative of the decedent for the exclusive benefit of the . . . parents of the decedent, . . . [as well as] the other next of kin of the decedent." Heiser, 466 F.Supp.2d 337 (quoting Ohio Rev. Code. Ann. § 2125.02(A)(1)). A decedent's next of kin may include the decedent's siblings. Id. (quoting Karr v. Sixt, 146 Ohio St. 527, 67 N.E.2d 331, 335 (Ohio 1946)). Available compensatory damages for a wrongful death action include pecuniary damages, loss of support, services, society and prospective inheritance, as well as pain and suffering incurred by the bereaved plaintiff. The surviving parents of the decedent, if any, are "rebuttably presumed to have suffered damages by reason of the wrongful death." Id. (quoting Ohio Rev. Code. Ann. § 2125.02(A)(1)).

In Virginia, an action for wrongful death can be brought whenever the death of a person is caused by "the wrongful act, neglect, or default of any person or corporation. . .[which would] have entitled the party injured to maintain an action, and to recover damages. . ." Va. Code. Ann. §8.01-50 (2007). Blood siblings can recover from a wrongful death action. Brown v. Brown 309 S.E. 2d 586, 590 (Va 1983): see Peterson at 21.

The testimony of Patrick Clawson, Plaintiffs, news articles and reports about the June 11, 2003 bombing, the 2003 Global

Terrorism report at trial will prove that the Defendants, through their support of Hamas, wrongfully caused the death of Alan Beer.

### (c) Intentional Infliction of Emotional Distress

The elements for a claim of Intentional Infliction of Emotional Distress ("IIED") in both Ohio and Virginia can be summarized as (1) that the defendant engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, emotional distress; (2) that the plaintiff suffered severe or extreme emotional distress; and (3) that the defendant's conduct is the actual and proximate cause of the plaintiff's emotional distress. Peterson at 10; see Blais, 495 F.Supp.2d at 57; Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America, 453 N.E.2d. 666, 671 (Ohio 1983); Womack v. Eldridge, 210 S.E.2d 145, 148 (Va 1974). In Virginia, presence is not a requirement for recovery under this claim. Peterson at 13; see Heiser, 466 F.Supp.2d at 328-29. The presence requirement for IIED claims in Ohio has not been addressed specifically in prior cases under the FSIA against Iran and MOIS. However, as Ohio is "silent" on the issue of the presence requirement, this Court should follow the Heiser rationale, see Heiser, 466 F.Supp.2d at 328-29, as it did in Peterson, Peterson at 13, and find that Ohio is a state in which the presence of Plaintiffs is not a requirement for recovery under the claim of IIED. Therefore, the Court should find that

each of the Plaintiffs have standing to recover.

Based on testimony mentioned above, exhibits, and precedent, Plaintiffs will establish that the terrorist suicide bombing activity of June 11, 2003 perpetrated by Hamas and supported by Defendants was an extreme and outrageous conduct intended to cause or disregard the substantial probability of causing severe emotional distress. Plaintiffs will also testify as to the serious emotional injuries and distress that each suffered as a direct result of the incident.

### 4. Defenses

Defendants have been properly served with process pursuant to the FSIA and have failed to answer or otherwise respond to the complaint within the time allotted or otherwise. On October 12, 2007, Plaintiffs moved for the entry of default against Defendants pursuant to 28 U.S.C. § 1608(d), (e) and Fed. R. Civ. Pro. 55. The Clerk has entered default against both Defendants on October 15, 2007.

### 5. Witnesses

Plaintiffs will present evidence through the testimony of the plaintiffs in open court and through the submission of certified deposition transcripts and, if necessary, affidavits.

Harry "Lenny" Beer

Anna Beer

Phyllis Maisel

Estelle Carroll

Dov Maisel

Patrick Clawson (by deposition): expert on terrorism will identify the terrorist group Hamas as the responsible party and provide the provision of material support to Hamas by Iran for the June 11, 2003 bombing.

### 6. Exhibits

A partial list of the exhibits that the Plaintiff expects to introduce is set out below.

1. Deposition Testimony of Patrick Clawson
2. 31 C.F.R. § 596.201 (2003) designating Defendant Iran as a state sponsor of terrorism
3. Excerpts from State Department, Patterns of Global Terrorism 2003, April 2004
4. Alan Beer's Death Certificate
5. Photograph from scene of attack of June 11, 2003 bombing
6. Reports and news articles of the June 11, 2003 bombing
7. Photographs of Alan Beer's funeral
8. Photographs of Alan Beer's tombstone
9. Collection of childhood and family photographs

### 7. Designation of Deposition as Evidence

Patrick Clawson: Dr. Clawson's deposition testimony regarding Iran's funding of Hamas and attribution of the Ben Yehuda bombing to Hamas will be presented as an exhibit. That

deposition and the Patterns of Global Terrorism 2003 will be presented as Exhibits 1 and 3 respectively.

8.   **Damages**

A foreign state is liable in the same manner and extent as a private individual under like circumstances. 28 U.S.C. § 1606. In determining the appropriate compensatory damages for each plaintiff's pain and suffering, the Court may look to both the individual testimony of the victim and the family as well as prior decisions awarding damages.  Haim v. Islamic Republic of Iran, 425 F. Supp. 2d 56, 71 (D.D.C. 2006); see generally Peterson.[1] Parents of victims are typically awarded $5 million each and siblings are typically awarded $2.5 million. Peterson at 28.

Accordingly, Plaintiffs ask that the Court follow these guidelines from precedent and award $2.5 million for each sibling and $5 million for each parent of the victim of the attack. Plaintiffs also plan to seek punitive damages.[2]

---

[1]  While intervening changes in law have ruled many cases' reliance on federal common law improper, such findings need not disturb the accuracy of the analogy between solatium and intentional infliction of emotional distress." Haim, 425 F. Supp. 2d at 71.

[2] Plaintiffs' claim for punitive damages is subject to the passing of the bill currently pending in the White House. H.R. 4986, 110th Congress, 2d Session (2008).  This bill entitled the National Defense Authorization Act for Fiscal Year 2008, was passed in the House on January 16, 2008, in the Senate on January 22, 2008, and presented to the President on January 24, 2008.  If passed, this Act will amend 28 U.S.C. §1605 to allow punitive damages against a foreign state that is or was a state sponsor of

9.  **Judicial Notice**.

Plaintiff may request that this Court take judicial notice of certain facts and of prior testimony, in particular the prior testimony of Dr. Patrick Clawson in several cases against these defendants and before this Court.

Respectfully submitted,

_____/s/_____
Barry L. Leibowitz, Esquire
Bar No. 158949
LEIBOWITZ, BAND & JEZIC
2730 University Boulevard West
Suite 910
Wheaton, MD 20902
(301) 942-8378
Attorney for Plaintiffs

---

terrorism in actions falling within the ambit of the statute.