UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNA BEER, *et al*.                          )
                                             )
            Plaintiffs,                      )
      v.                                     )            Civil Action 1:06CV00473 (RCL)
                                             )
THE ISLAMIC REPUBLIC OF IRAN, *et al.*       )
                                             )
            Defendants.                      )

## PLAINTIFF'S MOTION TO RECONSIDER AND
## LEAVE TO FILE §1083(c)(2) MOTION *NUNC PRO TUNC*

COMES NOW, Plaintiffs, by and through undersigned counsel, pursuant to Rule
59(e) of the Federal Rules of Civil Procedure and supporting Memorandum filed with
this motion, respectfully asks this Court to reconsider its order of August 26, 2008 on the
issue of punitive damages.

Plaintiffs also respectfully asks this Court for leave to file a §1083(c)(2) motion
*nunc pro tunc* in compliance with this Court's interpretation.

Date:   September 10, 2008

                              Respectfully Submitted,

                              _____/s/_____
                              Barry L. Leibowitz
                              Bar No. 158949
                              2730 University Boulevard West
                              Suite 910
                              Wheaton, MD 20902
                              (301) 942-8378

                              *Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNA BEER, *et al*.                          )
                                             )
              Plaintiffs,                    )
        v.                                   )          Civil Action 1:06CV00473 (RCL)
                                             )
THE ISLAMIC REPUBLIC OF IRAN, *et al.*       )
                                             )
              Defendants.                    )

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER AND LEAVE TO FILE §1083(c)(2) MOTION *NUNC PRO TUNC*

**I.      History of Action and Nature of New Law**

This action arises out of the June 11, 2003 suicide bombing of a bus in Jerusalem, Israel which resulted in the death of victim Allen Beer.  Plaintiffs commenced this action against Defendants Iran and Ministry of Information and Security ("MOIS") under 28 U.S.C. 1605(a)(7) on March 3, 2006.  Plaintiffs included a demand for punitive damages against the Defendants in the original Complaint.  This Court entered default against both Defendants on October 15, 2007, and held an evidentiary hearing on January 31, 2008.

In the interim, the National Defense Authorization Act for Fiscal Year 2008 (hereinafter "the new Act") was passed in Congress and signed for by the President, becoming new law and amending and replacing §1605(a)(7) with newly enacted §1605A. H.R. 4986, 110th Cong. (2008).  One of the major changes of this law is that it specifically allows for the award of punitive damages against foreign states subject to suit under this provision.

This Court entered Judgment in favor of Plaintiffs on August 26, 2008, awarding compensatory damages but denying punitive damages on the grounds that Plaintiffs failed to file a motion or re-file an action under §1083(c)(2) and §1083(c)(3) of the new Act in order to be considered under the new law.

**II.     §1083(c)(2) Did Not Apply Because Plaintiffs Were Not Adversely Affected By the Failure of §1605(a)(7) to Create a Cause of Action**

In denying Plaintiff's claim for punitive damages, this Court stated that Plaintiffs failed to file a motion under §1083(c)(2) of the new Act. Pub. L. 110-181 (2008). However, under Plaintiffs' interpretation of this section, Plaintiffs were precluded from filing a motion under this section.

In order to file a motion under §1082(c)(2),  four requirements must be met.  First, an action must have been brought under 28 U.S.C. 1605(a)(7) or §589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 before the date of the enactment of the Act; second, it must have relied upon either such provision as creating a cause of action; third, plaintiffs have been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state; and fourth, as of such date of enactment, the action is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure. *Id.* In order to seek relief under this section, all four of the requirements must be met, *e.g. Bodoff et al. v. Islamic Republic of Iran et al.*, Civil Action No. 02-1991 (D.D.C. Jul.22,2008) (memorandum opinion denying relief under this provision), and the motion must be filed within 60 days of the enactment. §1083(c)(2), Pub. L. 110-181.

Based on a careful analysis, Plaintiffs concluded that they were precluded from filing a motion under this section because their actions did not satisfy the third prong. In other words, they had not been "adversely affected on the grounds that 28 U.S.C. 1605(a)(7) *failed to create a cause of action* against a foreign state."  (emphasis added).

"Cause of action" is defined as "a group of operative facts giving rise to one or more bases for suing; a factual situation that entitled one person to obtain a remedy in court from another person, or a legal theory of a lawsuit."  *Black's Law Dictionary*, 89 (2nd ed. 2001).  As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." Jacob Stein, *Damages and Recovery* § 195 at 389 (1972).  This general rule is widely accepted in many jurisdictions. *See, e.g., Burke v. Deere & Co.*,6 F.3d 497, 511 (8th Cir. 1993) ("[T]here is no separate cause of action for punitive damages under Iowa law. . . ."); *Klein v. Gen. Elec. Co.*, 728 S.W.2d 670, 671 (Mo.Ct.App. 1987) ("A punitive damage claim is not a separate cause of action; it must be brought in conjunction with a claim for actual damages."); *Zedd v. Jenkins*, 74 S.E.2d 791, 793 (Va. 1953) ("The general rule is that a plaintiff cannot maintain an action to recover mere punitive or exemplary damages. . . ."); *Eslami v.Global One Commc'ns, Inc.*, 48 Va. Cir. 17, 25 (Va.Cir.Ct. 1999) ("[P]unitive damages are not a cause of action, but a remedy."); *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n. 34 (11th Cir. 2001) ("[A] prayer for punitive damages is not an independent cause of action; *Doe v. Colligan*, 753 P.2d 144, 145 n.2 (Alaska 1988) ("Punitive damages are a remedy, not a cause of action"); *Jarzynka v. St. Thomas*

3

*University School of Law*, 310 F. Supp. 2d 1256, 1263, 1269 (S.D. Fla 2004) ("[P]unitive

damages are a remedy, not a cause of action by themselves"); *Waltman v. Fahnestock &*

*Co., Inc.*, 792 F. Supp. 31, 33 (E.D. Pa. 1992) ("Punitive damages are a remedy, not a

cause of action."); *Harris v. Camilleri*, 77 A.D.2d 861 (2nd Dept 1980) ("There is no

independent claim or cause of action for punitive damages.")  Therefore, whereas in this

action, where the pre-amended statute already provided for a cause of action for Plaintiffs

and where the only difference under the new law was in the remedy, Plaintiffs were not

"adversely affected" in the sense that the statute "failed to create a cause of action."

  Rather, Plaintiffs interpreted this provision to apply to the Marines in *Peterson v.*

*Islamic Republic of Iran*. Civil Action No. 01-2094; 01-2684 (D.D.C. Sep. 7, 2007).  In

*Peterson*, a number of claims brought by the victims and their families were dismissed

because of state law that barred recovery. *See e.g. id*. at 15.  Plaintiffs' interpretation was

that §1083(c)(2) applied exactly to cure these types of situations, where the victims and

their families were barred from even presenting a cause of action for recovery.

  The legislative intent behind the enactment supports Plaintiffs' reading of the

statute.  A former version of §1083 is short titled as the Justice for Marines and Victims

of State Sponsored Terrorism Act, H.R. 1585, (110th Cong. 2007); *see also* Justice for

Victims of State Sponsored Terrorism Act, S.1944 (110th Cong. 2007).  When the Senate

approved this provision as part of the Defense Authorization Act, Senator Arlen Specter

specifically commented that the 18 families in the *Peterson* case whose claims had been

denied because of state law would finally be able to "have a day in court." United States

Senator Arlen Specter, Pennsylvania: News Room, *available at*

http://specter.senate.gov/public.   Because Plaintiffs believed that this provision had been

created to cure instances in which victims had been unable to bring a cause of action at all, Plaintiffs did not interpret this section to cover a situation such as theirs, where a cause of action had already been provided for, action had been initiated, and where the original complaint already included a request for punitive damages.

**III.**   **§1083(c)(3) Does Not Apply Because No Other Action Arose Out Of The Same Act or Incident.**

Similarly, Plaintiffs did not interpret §1083(c)(3) to apply to the instant case especially where the original complaint already included a demand for punitive damages against the Defendant. §1083(c)(3) states that "any other action arising out of the same act or incident may be brought under section 1605A." Pub. L. 110-181. Under Plaintiffs' interpretation of the word "action," this provision did not cover a situation such as Plaintiffs' where the only difference was in damages, and there was no separate action to bring.

Therefore, Plaintiffs were forced to rely on §1605A(b) which states that "an action may be . . . *maintained* under this section if the action is commenced . . under section 1605(a)(7)(before the date of the enactment of this section)" within the relevant statute of limitations. (emphasis added).  Since neither §1083(c)(2) nor §1083(c)(3) covered Plaintiffs' situation,  Plaintiffs interpreted "maintained" to mean that this Court has the right without any motion or refiling to treat §1605(a)(7) as §1605A.

**IV.**   **Leave to File a §1083(c)(2) Motion *Nunc Pro Tunc* Should Be Granted, and the Court Should Grant Reconsideration of its Judgment Herein.**

The interpretation of this newly enacted statute sits as a matter of first impression before this Court.  Here, Plaintiffs were neither negligent nor passive in their failure to make the motion within the relevant 60 day period.  Rather, Plaintiffs in good faith

interpreted certain provisions of the new law to fail to apply to their situation.[1]  Therefore, this Court should grant leave for Plaintiffs to file a §1083(c)(2) motion *nunc pro tunc* in order to comply with this Court's interpretation of the statute.   Furthermore, allowing Plaintiffs to file this motion *nunc pro tunc* will not open a floodgate of similar cases, as to the best of Plaintiffs' knowledge, the instant action and one other case[2] are the only cases in this posture.

Most importantly, an award of punitive damages would serve the interest of justice, fairness and the underlying substantial purpose of the suits and the subject statute, because it acts as a major deterrent to international state sponsored terrorism.  The deterrent factor through punitive damages must be applied in order to have the substantial impact upon the Defendants that the mere imposition of compensatory damages would not achieve.  In particular, the Court may take judicial notice of the fact that the rise in world price of oil has enriched the Defendants enormously. Therefore, only the spectre of the assessment and collection of punitive damages may act as a sufficient deterrent against the support and financing of international terrorism by the Defendants to the harm and danger presented to the citizens of the United States and the world.  Although the newly enacted law is somewhat disjointed in organization and leaves room for varied interpretation, it is clear that Congress intended to take a hard stance against state sponsors of terrorism and provide relief for victims of terrorism.  To grant this relief by allowing a *nunc pro tunc* motion would be consistent with that intent.

---

[1]  For example, in *Acosta v. Iran*, Civil Action No. 06-745 (D.D.C. 2008) which was in the same posture before this Court at the time of the enactment, Plaintiffs, in light of new law, timely amended the Complaint which  at the time of filing did not include a demand for punitive damages against Iran.
[2] *Kirschenbaum v. Iran*, Civil Action No. 03-1708 (D.D.C. 2008), concerning which the undersigned counsel are contemporaneously moving for the identical relief sought herein.

For these reasons, Plaintiffs respectfully request the Court to allow plaintiffs to file a §1083(c)(2) motion *nunc pro tunc* and to reconsider its judgment of August 26, 2008 on the issue of punitive damages.

Date:    September 10, 2008

Respectfully Submitted,

_____/s/_____
Barry L. Leibowitz
Bar No. 158949
2730 University Boulevard West
Suite 910
Wheaton, MD 20902
(301) 942-8378

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNA BEER, *et al*.             )
                                )
           Plaintiffs,      )
     v.                     )        Civil Action 1:06CV00473 (RCL)
                                )
THE ISLAMIC REPUBLIC OF IRAN, *et al.*  )
                                )
           Defendants.     )

## ORDER

The Court having considered Plaintiffs' Motion to Reconsider and Leave to File a §1083(c)(2) Motion *Nunc Pro Tunc*, it is, by the Court, this _____ day of _____, 2008

**ORDERED**, Plaintiffs are permitted to file a motion *nunc pro tunc* under §1083(c)(2), and it is further;

**ORDERED**, the judgment entered on August 26, 2008 is altered to include punitive damages in the amount of $_____ against Defendants the Islamic Republic of Iran and Ministry of Information and Security (MOIS).

_____
**Royce C. Lamberth**
**United States District Judge**

CC: Barry L. Leibowitz, Esq.
2730 University Boulevard West,
Suite 910
Wheaton, MD 20902